# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Bruce Parker,

               Plaintiff,      Case No. 24-10079

v.                        Judith E. Levy
                             United States District Judge
State of Michigan, et al.,

                             Mag. Judge Patricia T. Morris

               Defendants.

_____/

## ORDER FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, "'[a]ppointment of counsel in a civil case is not a constitutional right' but 'a privilege that is justified only by exceptional circumstances.'" *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). "In determining whether an appointment is warranted, courts must consider whether the litigant has demonstrated that [they are] indigent, in addition to evaluating the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself." *Garzon v.*

*De Hoffman*, No. 2:21-CV-10340, 2021 WL 1259462, at *1 (E.D. Mich. Apr. 6, 2021) (citing *Lavado*, 992 F.2d at 606). "In addition, as a general rule, appointment of counsel in a civil case is inappropriate when a litigant's claims are frivolous or have a slim chance of success." *Id.*

The Court concludes that appointment of counsel is warranted in this case. Based on the financial affidavit and prisoner trust account statement provided to the Court (*see* ECF Nos. 2, 3), it does not appear that Plaintiff can afford to obtain counsel in this matter. Additionally, the Court's initial review of the complaint suggests that Plaintiff's claim is not frivolous. (*See* ECF No. 1; *see also* ECF No. 7.) In fact, the case appears to raise complex and novel legal issues that have yet to be resolved in the Sixth Circuit. Moreover, the ongoing risk of harm articulated in Plaintiff's motion for an emergency preliminary injunction further supports the need for counsel at this early stage of the case. (*See* ECF No. 7, PageID.41, 42–43.)

Accordingly, the case will be referred to the Court's pro se case administrator. The pro se case administrator will have 45 days to attempt to obtain pro bono counsel for Plaintiff. If pro bono counsel is not obtained within 45 days, Plaintiff will proceed pro se.

If Plaintiff wishes to decline this representation, they must inform the Court in writing as soon as possible.

IT IS SO ORDERED.

Dated: February 13, 2024       s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2024.

                         s/William Barkholz
                         WILLIAM BARKHOLZ
                         Case Manager